UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 0:21-cr-00014-DLB-EBA

UNITED STATES OF AMERICA,                                                                               PLAINTIFF,

V.                                         **RECOMMENDED DISPOSITION**

RICCARDO ROTHWELL,                                                                                      DEFENDANT.

*** *** *** ***

## I. INTRODUCTION

This matter is before the Court on Defendant Riccardo Rothwell's Motion to Suppress evidence gleaned from an alleged illegal pretextual stop. [R. 25]. The United States filed a Response, [R. 27], and Defendant filed a Reply. [R. 29]. Further, this matter came before the court for a full suppression hearing. [R. 31]. Thus, this matter has been fully briefed and is ripe for review. As this matter has been referred to the undersigned for a recommended disposition. [R. 6] and for the reasons outlined herein, the Court recommends that the Defendant's motion be denied.

## II. FACTS AND PROCEDURAL HISTORY

On July 9, 2021, investigators with the Drug Enforcement Administration's High Intensity Drug Trafficking Areas Task Force ("HIDTA") received information from the Boyd County Sheriff that an unknown African American male, with the alias of "Ricky Bobby," had been trafficking crystal methamphetamine throughout Boyd County. [R. 25-2 at pg. 1]. The Boyd Country Sheriff informed the HIDTA investigators that the information was received from an anonymous source. [*Id.*]. The anonymous source informed the Boyd County Sheriff's Department

("BCSD") that Ricky Bobby possibly lived in the 500 block of Gartrell Street in Ashland, Kentucky and was possibly driving a silver BMW. [R. 25-3]. Relying on this information, HIDTA task force investigators decided to conduct surveillance of the target area on the following day. [R. 25-2 at pg. 1]. While conducting surveillance, task force investigators observed a 2002 white BMW bearing Kentucky registration "BKP844" in the 500 block of Gartrell Street. [*Id.*]. DEA HIDTA investigators continued to surveil the BMW while on Pollard Road in Ashland, Kentucky. Investigators then started to follow the BMW as it stopped at the 2200 block of Pollard Road and a passenger exited the vehicle. [R. 25-2 at pg. 2]. The vehicle then was tailed by various investigators until Deputy Zachery Mitchell, a Deputy with the BCSD, conducted a traffic stop of the BMW for a window tint violation at the direction of HIDTA Task Force Officer Spencer Beam. [*Id.*].

Deputy Mitchell ran a warrant check on the Defendant, which showed no warrant. [*Id*]. Deputy Mitchell then requested another unit to assist searching the vehicle. [*Id.*]. Deputy Mitchell then requested Defendant's consent to search the vehicle to which Defendant agreed. [R. 25-2 at pg. 3]. Upon conducting the search of the vehicle, Deputy Mitchell located a knotted clear plastic bag containing what appeared to be crystal methamphetamine located in the front passenger seat back pouch. [*Id.*].

Subsequent Defendant's arrest, Defendant filed the instant motion to suppress. [R. 25]. The United States responded, [R. 27], and the Defendant replied [R. 29]. The parties then came together for a full Suppression Hearing where the parties only raised the issue of the legality of Deputy Mitchell's stop of Defendant's vehicle. [R. 31].

### III. ANALYSIS

The Fourth Amendment guarantees the right of the people to be secure in their persons against unreasonable searches and seizures. U.S. Const. amend. IV. This prohibition against unreasonable searches and seizures "extend[s] to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Chandler*, 437 F.App'x 420, 425 (6th Cir. 2011) (quoting *United States v. Luqman*, 522 F.3d 613, 616 (6th Cir. 2008)). Consistent with this Amendment, a police officer may initiate a traffic stop if the officer "possess[es] either probable cause of a civil infraction or reasonable suspicion of criminal activity." *United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012) (internal citations omitted). Furthermore, an officer may initiate a traffic stop based upon reasonable suspicion that a defendant's windshield is tinted in violation of state statute. *See United States v. Shank*, 543 F.3d 309, 313 (6th Cir. 2008) ("Due to the officers' familiarity with window tinting and their estimate that the vehicle was tinted substantially darker than permitted by law, we agree with the district court's determination that the officers had a proper basis to initiate the traffic stop.") Such a stop is permissible regardless of an officer's subjective motivations for the stop. *United States v. Akram*, 165 F.3d 452, 455 (6th Cir. 1999) (stating that with regard to a traffic stop, an officer who has probable cause to believe a civil traffic violation has occurred may stop a vehicle regardless of his or her subjective motivation in doing so) (citing *Whren v. United States*, 517 U.S. 806, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996)). Importantly, "In the context of ongoing traffic violations – like a[n] . . . overly tinted window – [the Sixth Circuit] has held . . . that the less demanding reasonable suspicion standard applies." *United States v. Shelton*, 817 F. App'x 217, 219 (6th Cir. 2020) (internal citations omitted). Further, when analyzing whether reasonable suspicion exists, a court must consider the totality of circumstances to determine whether the detaining officer has a "particularized and objective basis

for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 151 L. Ed. 2d 740 (2002).

In Defendant's motion to suppress, Defendant argues that "Deputy Mitchell['s] stopping [of] Mr. Rothwell for excessive tint was . . . devoid of probable cause due to the fact that the window tint for the vehicle was within the legal limit . . ." [R. 25-2 at pg. 7]. *See* K.R.S. § 189.110.[1] Defendant further argues that "In the case at hand, there were no moving violations, the officer's subjective determination is all that's in play here that the defendant[']s windows were tinted too dark." [R. 29 at pg. 5].

The Court does not find Defendant's argument persuasive as Defendant misstates the law. Defendant's assertion that "this was plain and simple a pretextual stop based on no probable cause" is without merit. With regard to the pretextual nature of the stop, an "officer['s] actual subjective motivations in effectuating [a] stop are irrelevant to the validity of the stop." *Shank*, 543 F.3d at 313 (citing *Whren*, 517 U.S. at 812-13). Further, the Defendant misapplies the standard required for a stop of this nature. As mentioned above, for ongoing traffic violations, (of which an illegally tinted window is one) the reasonable suspicion standard applies, not the probable cause standard. *United States v. Shelton*, 817 F. App'x at *219 (6th Cir. 2020).

This Court finds the legal reasoning in *United States v. Shelton* persuasive. In *Shelton*, a Tennessee Detective ("Detective Parks") noticed that the Defendant, a convicted felon, was ejected from a Memphis-area gun show for causing a disturbance. *United States v. Shelton*, 817 F. App'x at 218. Subsequently, Detective Parks noticed that the Defendant gave his mother cash and got into a car with her as she was carrying a newly purchased firearm. *Id*. As the Defendant drove

---

[1] K.R.S. § 189.110(4)(a) indicates that "A person shall not operate a motor vehicle . . . which, when tested . . . has a total solar reflectance of visible light of not more than thirty-five percent (35%) . . ." Further, K.R.S. § 189.110(7) indicates that "Every percentage measurement required by subsections (3) and (4) of this section is subject of a tolerance of plus or minus three percent. . ." Here, Defendant's tint measured at 33%, within the 3% variance and therefore street legal. [R. 25-8].

away, Detective Parks noticed that the car's windows seemed darker than what Tennessee law permitted. *Id*. Accordingly, Detective Parks relayed this information to a colleague, Detective Tate, with more experience enforcing window tint violations. *Id*. Detective Tate found the Defendant driving on a nearby highway, assessed that the Defendant's car seemed to be illegally tinted and pulled the vehicle over. *Id.* Once the vehicle had been successfully pulled over, Detective Tate performed a field comparison test with a digital tint meter and found that the tint of the car was significantly below the limit of Tennessee law. *Id*. In the process of performing the field comparison test, Detective Tate noticed a weapon in the back floorboard of the car and the smell of marijuana. *Id*. These discoveries gave Detective Tate probable cause to search the vehicle, which uncovered more guns and drugs. *Id*. The Defendant moved to suppress the evidence found at the traffic stop on the grounds that no reasonable person could have believed that the car's windows were illegally tinted. *Id*. A magistrate judge recommended denying the Defendant's motion, and the district court agreed with the magistrate judge's assessment. The Defendant ultimately pleaded guilty but appealed raising the single issue of the reasonableness of the stop based on the window tint. *Id*.   The Sixth Circuit affirmed the district court's denial of Defendant's motion holding that "Detective Tate testified credibly . . . that he has a decade's worth of experience enforcing Tennessee's window-tint law, and that based on that experienced he believed that the car [Defendant] was riding in had windows tinted substantially below Tennessee standards. *Id*. at *219. The Sixth Circuit reasoned "[when] an officer reasonably suspects a window tint violation, and [the] officer is familiar with their state's tint law and estimates that a vehicle is tinted substantially darker than law permits" the reasonable suspicion standard is met. *Id* at 218. (citing *United States v. Shank*, 543 F.3d 309, 313 (6th Cir. 2008)) (internal citations omitted).

Here, Deputy Mitchell noted in his citation that he was unable to see the operator in the motor vehicle due to the excessive window tinting. [R. 25-5]. Further, at the Suppression Hearing,

Deputy Mitchell Testified that he stopped the car due to excessive window tint at the direction of HIDTA Task Force Officer Beam who had also been surveilling the vehicle. Both Officers testified that they believed that Defendant's car was below the threshold legally required in Kentucky based on their years of experience and training. [*Id.*] Similar to *Shank*, two Officers worked together on the suspicion that a car's windows were illegally tinted and executed a proper stop based on their suspicion. The Officers testified that they could not properly see the Defendant due to the excess tint of the Defendant's car based on their respective knowledge, training, and experience regarding state tint laws. Following the standard set forth in *Shank* and under consideration of the totality of the circumstances, the stopping of the Defendant's car was reasonable. Accordingly, the Court, having observed the testimony of the officers and the photographs of the vehicle finds their testimony to be credible as to the degree of the visibility of the tint. Thus, the undersigned finds that the officers had a reasonable suspicion under the totality of the circumstances that a traffic violation based on excessive window tint had occurred, and that the initial stop did not violate the Fourth Amendment. Accordingly, Defendant's motion to suppress is without merit.

### IV. CONCLUSION

For the above reasons, it is **RECOMMENDED** that the Defendant's Motion to Suppress [R. 25] be **DENIED**.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749-50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another

party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed February 8, 2022.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge