**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CRIMINAL ACTION NO. 21-14-DLB-EBA**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                  **ORDER ADOPTING REPORT AND RECOMMENDATION**

**RICCARDO ROTHWELL**                                                      **DEFENDANT**

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court upon the February 8, 2022 Report and Recommendation (R&R) of United States Magistrate Judge Edward B. Atkins (Doc. # 33), wherein he recommends that the Court deny Defendant Riccardo Rothwell's Motion to Suppress (Doc. # 25).  Defendant Rothwell having filed Objections (Doc. # 34), and the United States having filed its Response to his Objections (Doc. # 37), the R&R is now ripe for the Court's consideration.  For the reasons that follow, Defendant Rothwell's Objections are **overruled**, the R&R is **adopted**, and the Motion to Suppress is **denied.**

## I.      FACTUAL & PROCEDURAL BACKGROUND

On July 9, 2021, the Drug Enforcement Administration's ("DEA") High Intensity Drug Trafficking Areas Task Force ("HIDTA") received information from an anonymous source that an unknown male, using the alias "Ricky Bobby," was responsible for trafficking methamphetamine in Boyd County.  (Doc. # 25-3).  HIDTA further received information that Ricky Bobby lived near the 500 block of Gartrell Street in Ashland, KY and could potentially be driving a silver BMW.  (*Id.*).

On the following day, HIDTA investigators conducted surveillance on the 500 block of Gartrell Street. (*Id.*). Investigators observed a white BMW with tinted windows with the license plate BKP844. (*Id.*). The investigators ran the plate registration, which was tied to Defendant Rothwell. (*Id.*). Investigators continued to follow the vehicle, but eventually lost sight. (Doc. # 25-4). Thereafter, Deputy Mitchell of the Boyd County Sheriff Department located the vehicle, and followed it through downtown Ashland. (*Id.*). Deputy Mitchell stopped the vehicle at the direction of HIDTA Task Force Officer Beam on Greenup Avenue because Mitchell "was unable to see the operator in the motor vehicle due to excessive window tinting." (Docs. # 25-4 and 25-5).

Following the traffic stop, Deputy Mitchell requested Rothwell's consent to search his vehicle and Rothwell agreed. (*Id.*). Upon a search of the vehicle, Deputy Mitchell located "several drug items," which included the methamphetamine which serves as the basis for Rothwell's possession with intent to distribute charge. (Docs. # 25-5 and 25-2 at 3).

On September 2, 2021, Defendant Riccardo Rothwell was indicted for possession with intent to distribute a mixture of substance containing a detectable amount of methamphetamine. (Doc. # 1). On October 7, 2021, a superseding indictment charged Rothwell with possession with intent to distribute fifty grams or more of actual methamphetamine. (Doc. # 14).

Defendant Rothwell's Motion to Suppress challenges the legality of the traffic stop that led to the recovery of the methamphetamine. In Rothwell's Motion to Suppress, he argues that Deputy Mitchell, who effectuated the traffic stop, lacked the probable cause necessary to pull him over. (Doc. # 25-2 at 7). Rothwell's argument relies on the fact

that there was no probable cause to pull him over "due to the fact that the window tint for the vehicle was within the legal limit . . . ." (*Id.*).

Following the filing of Rothwell's Motion to Suppress, Magistrate Judge Edward Atkins held an evidentiary hearing. (Doc. # 31). The only matter discussed was the legality of Deputy Mitchell's stop of Rothwell's vehicle. (Doc. # 36).

## II. REPORT AND RECOMMENDATION

On February 8, 2022, Magistrate Judge Atkins filed a R&R recommending that Defendant Rothwell's Motion to Suppress be denied because the officers had reasonable suspicion that Rothwell had committed a traffic violation based on excessive window tint. (Doc. # 33).

First, Judge Atkins explained that the Fourth Amendment's guarantee that individuals be free from unreasonable searches and seizures "extend[s] to brief investigatory stops of persons or vehicles that fall short of traditional arrest." (*Id.* at 3) (citing *United States v. Chandler*, 437 F. App'x 420, 425 (6th Cir. 2011)). Under the Fourth Amendment, an officer may effectuate a traffic stop if the officer possesses either probable cause or reasonable suspicion of a criminal activity. (*Id.*) (quoting *United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012)). Judge Atkins then laid out two Sixth Circuit cases where a traffic stop was found to be based upon reasonable suspicion when officers suspected the level of window tinting was in violation of a state statute. (*Id.*) (citing *United States v. Shank*, 543 F.3d 309, 313 (6th Cir. 2008); *United States v. Shelton*, 817 F. App'x 217, 219 (6th Cir. 2020)). In determining whether reasonable suspicion is present, the court must consider the totality of the circumstances. (*Id.* at 3-4) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). Judge Atkins further explained that

3

these types of stops are permissible irrespective of whether an officer had subjective motivations for effectuating the stop.  (*Id.* at 3) (citing *United States v. Akram*, 165 F.3d 452, 455 (6th Cir. 1999)).

Judge Atkins then turned to Rothwell's specific argument—that Deputy Mitchell lacked probable cause to stop Rothwell because the window tint for the vehicle was within the legal limit.  (*Id.* at 4).  Judge Atkins aptly explained that Rothwell's argument is unpersuasive because Rothwell misstated the law.  (*Id.*).  Even if a stop is pretextual, subjective motivations "in effectuating the stop are irrelevant to the validity of the stop." (*Id.*) (quoting *Shank*, 543 F.3d at 313).  Judge Atkins further clarifies that for ongoing traffic violations, the reasonable suspicion standard applies, instead of the probable cause standard argued by Rothwell.  (*Id.*) (citing *Shelton*, 817 F. App'x at 219).

 Next, Judge Atkins turned to an in-depth review of the Sixth Circuit's decision in *United States v. Shelton* and decided that the court's reasoning was persuasive.  (*Id.*). Judge Atkins explained the factual posture in *Shelton*—Detective Parks noticed a car's window tint seemed darker than what was legal under Tennessee law.  (*Id.* at 4-5). Detective Parks relayed this information to another detective, who agreed that the car was illegally tinted and pulled over the vehicle.  (*Id.* at 5).  The detective responsible for pulling over Shelton saw a weapon and smelled marijuana in the course of the traffic stop. (*Id.*).  Shelton moved to suppress evidence found during the traffic stop arguing that "[n]o reasonable person could have believed that the car's windows were illegally tinted[,]" but the district court denied his motion.  *Shelton*, 817 F. App'x at 218 (internal quotations omitted).  On appeal, the Sixth Circuit affirmed the district court's reasoning that "'[when] an officer reasonably suspects a window tint violation, and [the] officer is familiar with their

state's tint law and estimates that a vehicle is tinted substantially darker than law permits'
the reasonable suspicion standard is met."  (Doc. # 33 at 5) (quoting *Shelton*, 817 F. App'x
at 219 (internal quotations omitted)).  Judge Atkins determined that Deputy Mitchell and
HIDTA Task Force Office Beam both credibly testified that they believed that the tinting
of Rothwell's "car was below the threshold legally required in Kentucky based on their
years of experience and training."  (*Id.* at 6).  Judge Atkins then discussed another Sixth
Circuit case, *United States v. Shank*, which came to the same conclusion—where officers
testify that they cannot see a defendant due to excessive window tint based on their prior
experience, there is reasonable suspicion to stop a vehicle for a traffic infraction.  (*Id.*).

Following both *Shelton* and *Shank*, Judge Atkins determined that the officers had
reasonable suspicion to stop Rothwell's car because they had credibly testified about
their observations of the window tint.  (*Id.*).  Ultimately, Judge Atkins recommended that
Rothwell's Motion to Suppress be denied.  (*Id.*).

III.    **ANALYSIS**

A.    **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a
magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a
judge of the court proposed findings of fact and recommendations for the disposition . . .
of any motion," including a motion to suppress.  Under Federal Rule of Criminal Procedure
59(b)(1), following a magistrate judge's recommended disposition, a party has fourteen
days to file "specific written objections to the proposed findings and recommendations."
The district judge is required to "consider de novo any objection to the magistrate judge's
recommendation," and "may accept, reject, or modify the recommendation."   Fed. R.

Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).   Failure to object is considered waiver of the party's right to review.  Fed. R. Crim. P. 59(b)(2).

Objections to a magistrate judge's recommended disposition must be "specific written objections to the proposed findings and recommendations."  *Id.*  This necessitates that "vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object."  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).  Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *United States v. Shephard*, No. 09-81, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)).  Specific objections "explain and cite specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. July 18, 1997)).

## B.    Defendant Rothwell's Objection

Defendant Rothwell raises only one objection to the Magistrate's Report and Recommendation—that the reasonable suspicion standard was not met because Rothwell's window tint "clearly met the threshold of Kentucky Law for window tint and the rear window did not even have any window tint on it. . . ."  (Doc. # 34 at 7-8).  Due to this perceived failure, Rothwell requests that the evidence seized during the consensual search of his vehicle be suppressed.  (*Id.* at 9).  For the reasons that follow, the Court disagrees.

Judge Atkins correctly determined that Deputy Mitchell possessed the reasonable suspicion necessary to justify stopping Rothwell's vehicle. Reasonable suspicion requires that a traffic stop be supported by "specific and articulable facts that give rise to a reasonable suspicion of criminal activity" when evaluating the totality of the circumstances. *United States v. Richardson*, 385 F.3d 625, 630 (6th Cir. 2004) (quoting *United States v. Orsolini*, 300 F.3d 724, 728 (6th Cir. 2002)). Reasonable suspicion cannot be dependent on "an ill-defined hunch[,]" instead "it must be based upon a particularized and objective basis for suspecting the particular person . . . of criminal activity." *Id.* (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). However, the officer need not meet a "high bar"; "the officer needs only 'a minimal level of objective justification' for the stop." *United States v. Coker*, 648 F. App'x 541, 544 (6th Cir. 2016) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123, 127 (2000)). Further, an "officer's reasonable suspicion need not arise exclusively from his own direct observations. Rather, it can be derived from such sources as informant tips, dispatch information, and directions from other officers." *Dorsey v. Barber*, 517 F.3d 389, 395 (6th Cir. 2008).

Judge Atkins relied on *Shelton*, where the Sixth Circuit unequivocally "held that an officer reasonably suspects a window-tint violation if the officer is 'familiar[]' with their state's tint law and 'estimate[s] that [a] vehicle [is] tinted substantially darker than' the law permits." 817 F. App'x at 219. Judge Atkins's reliance was supported by testimony he found to be credible. Deputy Mitchell testified that he received a call from HITDA Task Force Officer Beam noting that he thought the windows on Rothwell's vehicle were too dark. (Doc. # 36 at 5.) Deputy Mitchell testified that he also observed the vehicle and was unable to see the driver, and therefore could not tell if he was wearing a seatbelt in

accordance with Kentucky law.  (*Id.* at 6).  Deputy Mitchell explained that he regularly stops drivers for excessive window tint and was familiar with Kentucky law regarding window tint.  (*Id.* at 7).  This testimony was further corroborated by Deputy Mitchell's citation which stated he "was unable to see the operator in the motor vehicle due to excessive window tinting" and charged Rothwell with "EXCESSIVE WINDSHIELD/WINDOW TINTING."  (Doc. # 25-5).  Similarly, HIDTA Task Force Officer Beam also believed the car's window tinting was too dark and requested that Deputy Mitchell pull the vehicle over.  (Doc. # 36 at 36).  Officer Beam likewise observed that the window tinting made it difficult to see the operator on the front seat of the vehicle.  (*Id.* at 35).

Even if this Court did not have the benefit of the Sixth Circuit's decisions in *Shelton* and *Shank*, based on the testimony of Deputy Mitchell and Officer Beam, Deputy Mitchell certainly had the "'minimal level of objective justification' for the stop."   *Coker*, 648 F. App'x at 544 (quoting *Wardlow*, 528 U.S. at 123).  Two different officers both observed the window tinting on Rothwell's vehicle and testified that they were unable to see the operator of the vehicle.  Officer Beam relayed his observation to Deputy Mitchell and directed him to pull over the vehicle.  *See Dorsey*, 517 F.3d at 395 (stating that reasonable suspicion can be "derived from such sources as . . . dispatch information, and directions from other officers.").  Judge Atkins found that "having observed the testimony of the officers and the photographs of the vehicle finds their testimony to be credible as to the degree of the visibility of the tint."  (Doc. # 33 at 6).  The observations by Deputy Mitchell

and Officer Beam were sufficient to create a reasonable suspicion that Rothwell was engaged in an ongoing traffic violation for excessive window tinting.[1]

Rothwell further takes issue with Judge Atkins's reliance on *United States v. Shank* and *United States v. Shelton*. Rothwell attempts to distinguish this case from *Shank and Shelton* because "Deputy Mitchell was ordered to stop Mr. Rothwell" based on a confidential tip, not because of excessive window tinting. (*Id*. at 8-9.) As noted by Judge Atkins, and as explicitly stated in *Shank*, "the officers' actual subjective motivations in effectuating the stop are irrelevant to the validity of the stop." 543 F.3d at 313; (Doc. # 33 at 4). Instead, the officers only must have a reasonable suspicion that an ongoing traffic violation is occurring. *Lyons*, 687 F.3d at 763 n.3. Here, as discussed above, Judge Atkins correctly found that the reasonable suspicion standard was met.

Rothwell then confusingly argues that *Shank* and *Shelton* are factually distinguishable from the case at hand because in those cases, the officers used a tint meter to check the window tint after pulling over the vehicle. (Doc. # 34 at 8-9). However, these actions occurred *after* the initial traffic stop. *See United States v. Perez*, 440 F.3d 363, 370 (6th Cir. 2006) (noting that in the context of a traffic stop, the relevant question is whether "reasonable suspicion was either present or absent based on the information and surveillance that preceded the decision to have the [car] stopped."). The question here is whether the impetus for the stop itself was reasonable based on the officer's

---

[1]    It is irrelevant to this Court's determination that the vehicle's window tinting was actually compliant with Kentucky law. The Fourth Amendment tolerates "*reasonable* mistakes, and those mistakes—whether of fact or of law—must be *objectively* reasonable." *Heien v. North Carolina*, 574 U.S. 54, 67 (2014). As discussed above, Deputy Mitchell and Officer Beam could not see the operator of the vehicle and therefore it was objectively reasonable for them to assume that the window tint violated Kentucky law.

experience, training, and knowledge.  The action of checking the window tint after the initial traffic stop could potentially confirm the officer's suspicion, but is not required to prove reasonable suspicion because the suspicion must be present before the officer effectuates the stop.[2]

Taking into consideration the totality of the circumstances, and the officers' reasonable suspicion for stopping Rothwell's vehicle, Rothwell's objection is **overruled**.

## IV.   CONCLUSION

Ultimately, Defendant Rothwell failed to raise a meritorious objection to Judge Atkins's Report and Recommendation.  Accordingly, because the Court finds Judge Atkins's analysis and conclusions persuasive,

**IT IS ORDERED** as follows:

(1)     Judge Atkins's Report and Recommendation (Doc. # 33) is **adopted**;

(2)     Defendant Rothwell's Objection (Doc. # 34) to the Report and Recommendation is **overruled**;

(3)     Defendant Rothwell's Motion to Suppress (Doc. # 25) is **denied**;

(4)     The time period from December 2, 2021, through today's date, totaling 119 days, is excluded from the provisions of the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (H); and

(5)     This matter is scheduled for an **in-court Status Conference on Monday**, **April 11, 2022 at 1:30 p.m. in Ashland**.

---

[2]     Nonetheless, Deputy Mitchell could not have checked the window tint of Rothwell's vehicle.  He testified that he did not have a window tint meter.  (Doc. # 36 at 21).

This 1st day of April, 2022.



Signed By:

*__David L. Bunning__*

**United States District Judge**

O:\DATA\ORDERS\Ashland Criminal\2021\21-14 Order Adopting R&R.docx